# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **TRANSDATA, INC.,** | § § § | 6:16CV407 SEVERED FROM |
| *Plaintiff,* | § § | **CIVIL ACTION NO.** |
| v. | § § | **6:10-cv-557** |
| **CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, DENTON MUNICIPAL ELECTRIC, ONCOR ELECTRIC DELIVERY COMPANY LLC, and TEXAS-NEW MEXICO POWER COMPANY,** | § § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

## PLAINTIFF TRANSDATA, INC.'S
## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TransData, Inc., for its complaint against Defendants CenterPoint Energy Houston Electric, LLC, Denton Municipal Electric, Oncor Electric Delivery Company LLC and Texas-New Mexico Power Company, hereby demands a jury trial and alleges as follows:

## THE PARTIES

1. Plaintiff TransData, Inc. ("TransData") is a Texas corporation having a place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

2. TransData was founded in 1969, and has been involved in the design and manufacture of power and energy metering products for over 40 years. Specifically, TransData has been active in the design and manufacture of digital solid-state electric meters since approximately 1979 and has brought six generations of solid-state electric meters to market.

TRANSDATA, INC.'S ORIGINAL COMPLAINT  PAGE 1
FOR PATENT INFRINGEMENT

TransData had its headquarters in Tyler, Texas from 1987 to 1990, and has occupied its current suburban-Dallas location since 1990.

3. TransData has provided electric meters and related products and services to over 500 electric utilities and power producers in more than 25 countries worldwide, including all of the 50 largest electric utility companies in the United States.

4. Upon information and belief, Defendant CenterPoint Energy Houston Electric, LLC ("CenterPoint") is a Texas Limited Liability Company having a place of business at 1111 Louisiana Street, Houston, Texas  77002.  CenterPoint has appointed CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201, as its agent for service of process in Texas.

5. Upon information and belief, Defendant Denton Municipal Electric ("DME") is an electricity utility owned and operated by the City of Denton, Texas having a place of business at 215 E. McKinney Street, Denton, Texas  76201.  Service of process upon DME can be effectuated by serving the city manager of the City of Denton, Texas.

6. Upon information and belief, Defendant Oncor Electric Delivery Company LLC ("Oncor") is a Delaware Limited Liability Company having a place of business at 1601 Bryan Street, Energy Plaza, Dallas, Texas  75201.  Oncor has appointed CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201, as its agent for service of process in Texas.

7. Upon information and belief, Defendant Texas-New Mexico Power Company ("TNMP") is a Texas Corporation having a place of business at 577 N. Garden Ridge Blvd,

Lewisville, Texas 75067. TNMP has appointed Scott S. Seamster, located at 225 E. John Carpenter Freeway, Suite 1500, Irving, Texas 75062, as its agent for service of process in Texas.

## JURISDICTION

8. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 e*t seq.* This Court has original and exclusive subject matter jurisdiction over the patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over CenterPoint because CenterPoint has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over CenterPoint would not offend the traditional notions of fair play and substantial justice. CenterPoint is a Texas Limited Liability Company and has extensive business operations in Texas.

10. This Court has personal jurisdiction over DME because DME has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over DME would not offend the traditional notions of fair play and substantial justice. DME is a Texas company based in Denton, Texas and operates within the City of Denton.

11. This Court has personal jurisdiction over Oncor because Oncor has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over Oncor would not offend the

traditional notions of fair play and substantial justice. Oncor is a Texas Limited Liability Company and has extensive business operations in Texas.

12. This Court has personal jurisdiction over TNMP because TNMP has established contacts with the forum—including by voluntarily conducting business and soliciting customers in the State of Texas—and the exercise of jurisdiction over TNMP would not offend the traditional notions of fair play and substantial justice. TNMP is based in Lewisville, Texas and has extensive business operations in Texas.

## VENUE

13. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because each of the defendants is subject to personal jurisdiction in the Eastern District of Texas.

14. Venue is proper in this judicial district as to CenterPoint because CenterPoint is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the Itron OpenWay Centron electric meter) within the Eastern District of Texas.

15. Venue is proper in this judicial district as to DME because DME is based in Denton, Texas, which is located in the Eastern District of Texas, because DME is doing business in the Eastern District of Texas, and also because it is currently using infringing meters (including but not limited to the General Electric kV2c electric meter) within the Eastern District of Texas.

16. Venue is proper in this judicial district as to Oncor because Oncor is doing business in the Eastern District of Texas, and also because it is currently using infringing electric meters (including but not limited to the Landis+Gyr Focus AX electric meter) within the Eastern District of Texas.

17. Venue is proper in this judicial district as to TNMP because TNMP is based in Lewisville, Texas, which is located in the Eastern District of Texas, because TNMP is doing business in the Eastern District of Texas, and also because it is currently using infringing meters (including but not limited to the General Electric I-210c electric meter) within the Eastern District of Texas.

**COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,181,294**

18. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. United States Patent No. 6,181,294 ("the '294 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on January 30, 2001. The '294 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '294 Patent. A copy of the '294 Patent is attached hereto as Exhibit 1.

20. The '294 Patent is valid and enforceable.

21. CenterPoint has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

22. On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

23. On information and belief, CenterPoint's infringement of the '294 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '294 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents, including but not limited to the '294 Patent, on several occasions with CenterPoint employees, including supervisors. TransData has also, on information and belief, included patent numbers, including the '294 Patent, in proposals in response to CenterPoint Requests for Quotes.

24. CenterPoint's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

25. CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

26. On information and belief, DME has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

27. On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

28. DME's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

29. DME has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

30. On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

31. On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

32. On information and belief, Oncor's infringement of the '294 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '294 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents, including but not limited to the '294 Patent, on several occasions with Oncor employees, including engineers and supervisors.

33. Oncor's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

34. Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

35. TNMP has infringed, and is still infringing, one or more claims of the '294 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

36. On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '294 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

37. TNMP's infringement of the '294 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

38. TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '294 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

### COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,462,713

39. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

40. United States Patent No. 6,462,713 ("the '713 Patent"), entitled "Antenna for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on October 8, 2002. The '713 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '713 Patent. A copy of the '713 Patent is attached hereto as Exhibit 2.

41. The '713 Patent is valid and enforceable.

42. CenterPoint has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

43. On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing

the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

44. On information and belief, CenterPoint's infringement of the '713 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '713 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents, including but not limited to the '713 Patent, on several occasions with CenterPoint employees, including supervisors. TransData has also, on information and belief, included patent numbers, including the '713 Patent, in proposals in response to CenterPoint Requests for Quotes.

45. CenterPoint's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

46. CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

47. DME has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

48. On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the

making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

49. DME's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

50. DME has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

51. On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

52. On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

53. On information and belief, Oncor's infringement of the '713 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '713 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents, including but not limited to the '713 Patent, on several occasions with Oncor employees, including engineers and supervisors.

54. Oncor's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

55. Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '713 patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

56. TNMP has infringed, and is still infringing, one or more claims of the '713 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

57. On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '713 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

58. TNMP's infringement of the '713 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

59. TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '713 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

## COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,903,699

60. TransData realleges and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

61. United States Patent No. 6,903,699 ("the '699 Patent"), entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof," was duly and legally issued on June 7, 2005. The '699 Patent was duly and legally assigned to TransData, and TransData owns and has full rights to sue and recover damages for infringement of the '699 Patent. A copy of the '699 Patent is attached hereto as Exhibit 3.

62. The '699 Patent is valid and enforceable.

63. CenterPoint has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling, and/or importing certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

64. On information and belief, CenterPoint has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Itron OpenWay Centron electric meter.

65. On information and belief, CenterPoint's infringement of the '699 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '699 Patent and has been, and/or will be, willful, deliberate, and intentional. On information and belief, TransData has discussed patents,

including but not limited to the '699 Patent, on several occasions with CenterPoint employees, including supervisors. TransData has also, on information and belief, included patent numbers, including the '699 Patent, in proposals in response to CenterPoint Requests for Quotes.

66. CenterPoint's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for CenterPoint's infringement, which in no event can be less than a reasonable royalty.

67. CenterPoint has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by CenterPoint is enjoined by this Court.

68. DME has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric kV2c electric meter.

69. On information and belief, DME has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric kV2c electric meter.

70. DME's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for DME's infringement, which in no event can be less than a reasonable royalty.

71. DME has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by DME is enjoined by this Court.

72. On information and belief, Oncor has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

73. On information and belief, Oncor has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the Landis+Gyr Focus AX electric meter.

74. On information and belief, Oncor's infringement of the '699 Patent has taken place prior to the time of service of this Complaint, and/or will be taking place after service of this Complaint, with full knowledge of the '699 Patent and has been, and/or will be, willful, deliberate, and intentional.  On information and belief, TransData has discussed patents, including but not limited to the '699 Patent, on several occasions with Oncor employees, including engineers and supervisors.

75. Oncor's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for Oncor's infringement, which in no event can be less than a reasonable royalty.

76. Oncor has caused TransData substantial damage and irreparable injury by its infringement of the '699 patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by Oncor is enjoined by this Court.

77. TNMP has infringed, and is still infringing, one or more claims of the '699 Patent by making, using, offering to sell, selling and/or importing certain electric meters, including but not limited to the General Electric I-210c electric meter.

78. On information and belief, TNMP has actively induced, and continues to actively induce, the infringement of one or more claims of the '699 Patent by actively inducing the making, use, offer for sale, sale, and/or import of certain electric meters, including but not limited to the General Electric I-210c electric meter.

79. TNMP's infringement of the '699 Patent has injured TransData, and TransData is entitled to recover damages adequate to compensate it for TNMP's infringement, which in no event can be less than a reasonable royalty.

80. TNMP has caused TransData substantial damage and irreparable injury by its infringement of the '699 Patent, and TransData will continue to suffer damage and irreparable injury unless and until the infringement by TNMP is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransData respectfully requests that judgment be entered in favor of TransData and against Defendants CenterPoint, DME, Oncor, and TNMP, and further prays that the Court grant the following relief to TransData:

  A. A judgment that each of CenterPoint, DME, Oncor, and TNMP has infringed, and/or induced the infringement of, the '294 Patent, the '713 Patent, and the '699 Patent, and continues to infringe and/or induce the infringement of the '294 Patent, the '713 Patent, and the '699 Patent;

  B. A judgment that each of CenterPoint's and Oncor's infringement of the '294 Patent, the '713 Patent, and the '699 Patent was, and continues to be, willful;

  C. Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining each of CenterPoint, DME, Oncor, and TNMP, as well as their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement and inducing infringement of the '294 Patent, the '713 Patent, and the '699 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '294 Patent, the '713 Patent, and the '699 Patent;

  D. An award of all damages adequate to compensate TransData for each of CenterPoint's, DME's, Oncor's and TNMP's infringement and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

  E. An award of prejudgment and post-judgment interest to TransData pursuant to 35 U.S.C. § 284;

  F. An award of increased damages in an amount not less than three times the amount of damages awarded to TransData for each of CenterPoint's and

Oncor's willful infringement of the '294 Patent, the '713 Patent, and the '699 Patent pursuant to 35 U.S.C. § 284;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by TransData in this action; and

H. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

TransData hereby demands a trial by jury on all issues and claims so triable.

Dated: October 21, 2010

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay

Paul R. Steadman, P.C.
Matthew J. Hertko
Bradley W. Micsky
**KIRKLAND & ELLIS LLP**
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 Phone
(312) 862-2200 Fax
paul.steadman@kirkland.com
matthew.hertko@kirkland.com
bradley.micsky@kirkland.com

Robert G. Krupka, P.C.
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA  90071
(213) 680-8400 Phone
(213) 680-8500 Fax
bob.krupka@kirkland.com

Eric Findlay
Texas State Bar No. 00789886
Brian Craft
Texas State Bar No. 04972020
Joey Seeber
Texas State Bar No. 17979250
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy.
Suite 101
Tyler, TX  75703
(903) 534-1100 Phone
(903) 534-1137 Fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com
jseeber@findlaycraft.com

**ATTORNEYS FOR PLAINTIFF
TRANSDATA, INC.**